# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| M.C. | : | CIVIL ACTION |
|     Plaintiff, | : | CASE NO:    2:09-CV-03240 |
| v. | : | |
| | : | |
| ANTHONY MARK BIANCHI, | : | |
|     Defendant. | : | |

=============

| | | |
|---|---|---|
| M.M. | : | CIVIL ACTION |
|     Plaintiff, | : | CASE NO:    2:09-CV-03241 |
| v. | : | |
| | : | |
| ANTHONY MARK BIANCHI, | : | |
|     Defendant. | : | |

=============

| | | |
|---|---|---|
| E.C. | : | CIVIL ACTION |
|     Plaintiff, | : | CASE NO:    2:09-CV-03243 |
| v. | : | |
| | : | |
| ANTHONY MARK BIANCHI, | : | |
|     Defendant. | : | |

=============

| | | |
|---|---|---|
| A.S. | : | CIVIL ACTION |
|     Plaintiff, | : | CASE NO:    2:09-CV-03247 |
| v. | : | |
| | : | |
| ANTHONY MARK BIANCHI, | : | |
|     Defendant. | : | |

**PLAINTIFFS' MOTION FOR ENTRY
OF DEFAULT JUDGMENT ON LIABILITY**

Plaintiffs, pursuant to Federal Rule of Civil Procedure 55(b), file this motion for entry of default judgment as to the issue of liability.

1. The foreign Plaintiffs are victims of Defendant's criminal propensity for having illicit sex with children. The alien Plaintiffs were underage boys from a poverty-stricken rural community in the Republic of Moldova at the time the offences took place. Plaintiffs alleged

that from about December 2003 until October 2005, Defendant agreed with Ion Gusin, a citizen of Republic of Moldova charged and convicted elsewhere, to travel to Moldova, and, while in Moldova, to use each of the Plaintiffs for sexual activities for remuneration, and other forms of consideration, including to Gusin.  See Compl. ¶ 6.  Plaintiffs further alleged that while in Moldova, Defendant used Ion Gusin as his proxy and a translator to persuade Plaintiffs to engage in illicit sex.  See Compl. ¶ 8.  Defendant took Plaintiffs to pool halls, swimming pools and bowling alleys, and to overnight stay hotels that Defendant booked so that he could engage with Plaintiffs in illicit sexual conduct.  See Compl. ¶ 9.  Defendant's modus operandi was to induce Plaintiffs into unforced sex through use of gifts and money.  See Compl. ¶ 8.  However, when resisted, Defendant would force himself upon Plaintiffs thereby raping them.  See Compl. ¶ 8.

       2.       As a result of a comprehensive investigation by the United States' Government, on January 6, 2006, Magistrate M. Faith Angell issued a warrant for Defendant's arrest.  See Docket ##1,2 in case no. 2:06-mj-00019-1.  Defendant was arrested shortly thereafter.

       3.       On February 1, 2007, a grand jury issued an indictment charging Defendant Bianchi with: (1) conspiracy to engage in illicit sexual conduct in foreign places; (2) traveling with the intent to engage in illicit sexual conduct; (3) engaging in illicit sexual conduct in foreign places; and (4) using a facility in foreign commerce to entice a minor to engage in sexual activity.  See United States v. Bianchi, No. 06-19, 2007 WL 1521123, at *1 (E.D. Pa. May 22, 2007) (citing 18 U.S.C. §§ 2422-2423).

       4.       At the jury trial Plaintiffs were called as witnesses for the Government and gave sworn testimony.  See Exhibit "A."

       5.       After a jury trial, Defendant was found guilty on ten of the twelve counts in the indictment.  United States v. Bianchi, 386 F. App'x 156, 159 (3d Cir. 2010).  He was sentenced to concurrent 300-month terms of imprisonment on each of the counts on which he was

convicted. Id. at 159.  On appeal, the United States Court of Appeals for the Third Circuit affirmed.  See id. at 162.

6. On July 22, 2009, Plaintiffs filed actions for damages against Defendant Bianchi, seeking monetary relief.  See Docket #1.

7. Plaintiffs properly served Defendant with the lawsuit, to wit:

(a) on August 10, 2009, Plaintiffs mailed to Defendant a "Notice of a Lawsuit and Request to Waive Service of a Summons," two copies of a "Waiver of Service" form, a copy of the complaint, and a prepaid means of returning a copy of the Waiver form back to Plaintiff's counsel.  See Exhibit "B."  Plaintiff dispatched the notice and the accompanying documents by certified mail, and allotted defendant sixty days to answer the complaint.  Defendant failed to answer;

(b) on October 19, 2009, Defendant was formally served with the summons and a copy of the complaints filed in the above-captioned actions.  See Docket #4.  According to Federal Rule of Civil Procedure 12, Defendant had to answer the complaint, by November 8, 2009.  Defendant failed to answer.

8. On December 11, 2009, the Clerk of the Court entered defaults against Defendant for failure to appear and/or defend.  See Docket entries by clerk dated 12/11/2009.

9. Since Defendant acknowledged liability by being in default and since Defendant was convicted at criminal trial for his illicit acts, Plaintiffs relied on the conviction and on the acknowledgment of liability and focused on the issue of damages.

10. From about January 7, 2010, the above-captioned cases were placed in civil suspense pending the disposition of Defendant's appeal to the Third Circuit Court of Appeals. See M.C. Docket #8; M.M. Docket #8; E.C. Docket #8; A.S. Docket #8.  The Court vacated the

suspense orders on October 28, 2010.  See M.C. Docket #12; M.M. Docket #12; E.C. Docket #12; A.S. Docket #14.

11.  Absent a defense on Defendant's part even at that stage, Plaintiffs continued to focus on their burden of proof on the issue of damages.

12.  On February 4, 2011, Defendant retained counsel who filed a motion to dismiss for lack of subject matter jurisdiction on Defendant's behalf.  See M.C. Docket #17.  Defendant's motion conceded liability, and attacked the complaint on its face.  See id.

13.  By Order dated March 25, 2011, the Court denied Defendant's motion.  See M.C. Docket #23; M.M. Docket #20; E.C. Docket #20; A.S. Docket #23.

14.  At no time during the litigation Defendant ever attempted to set aside the defaults and/or to file an answer with defenses, contesting his liability for the acts alleged in the above-captioned complaints.  See Docket.  In fact, Defendant's motion to dismiss mounted a facial challenge, and conceded the factual allegations of the complaints charging liability.  See M.C. Docket #17.  Additionally, on April 14, 2011, Defendant submitted to the Court a "Case Status Report" which stated in paragraph 5 that the anticipated trial is 100% on damages, not on liability.  Same position was maintained at the status conference held April 21, 2011.

15.  Lastly, regarding prejudice to Plaintiffs and potential for fraud.  After Defendant's arrest in January 2006 but prior to his indictment in February 2007, Defendant transferred for one dollar to his mother Marguerite R. Bianchi his "one-third interest" in certain real estate parcels in North Wildwood, New Jersey.  See Exhibit "C."  A recent valuation of the transferred parcels was made at $3,635,600 and $878,300.  See id.  Plaintiffs' position is that Defendant's transfers for one dollar to his mother cannot be classified as at-arms-length transactions for fair consideration and/or "reasonably equivalent value," and such transactions are therefore

fraudulent as a matter of law.  Plaintiffs' final monetary recovery is anticipated to come from these and from other fraudulently-transferred assets by the Defendant.  However, in the meantime, Marguerite R. Bianchi may further alienate the properties previously transferred to her by the Defendant on the eve of indictment, thereby further perpetuating Defendant's fraudulent transfers, as a result some valuable evidence may be lost, -- all thereby further prejudicing Plaintiffs' potential recovery, should the Court deny this motion.

Local Rule 7.1(b) Certificate

16. On April 23, 2011, the undersigned contacted attorney Michael Bomstein and inquired whether Mr. Bomstein would object to the instant motion.  Attorney Bomstein stated that he hesitates to take a position one way or another because attorney Mark Brownstein is supposed to be taking over from him.  At the time of the instant filing attorney Brownstein has not filed a notice of appearance.

WHEREFORE, Plaintiffs respectfully request that the Honorable Court enter a Judgment on Liability against the Defendant and in favor of Plaintiffs in the above-captioned actions.

Respectfully submitted on April 24, 2011.

GHERMAN LEGAL PLLC
Attorney for Plaintiffs
The Ingraham Building, Eighth Floor
25 Southeast Second Avenue
Miami, Florida 33131
Telephone:  (305) 582-5700
E-mail: sgherman@ghermanlaw.com


By: s/Sergiu Gherman
    Sergiu Gherman, Esquire
    Florida Bar No.: 37031

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document was electronically filed using the ECF system, and thereby was served upon Michael S. Bomstein, attorney for defendant Anthony Mark Bianchi, on April 24, 2011.

By: s/Sergiu Gherman